**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| **NVR, Inc. d/b/a Ryan Homes** | : | |
| **11700 Plaza America Drive, Suite 500** | : | |
| **Reston, Virginia 20190** | : | |
| | : | **Case No. 1:11-cv-520** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **Charleston Signature Homes, LLC** | : | |
| **c/o Statutory Agent** | : | |
| **KMK Service Corp.** | : | |
| **One East Fourth Street, Suite 1400** | : | |
| **Cincinnati, Ohio 45202** | : | |
| | : | |
| **Defendant.** | : | |

## COMPLAINT

Now comes Plaintiff NVR, Inc. d/b/a Ryan Homes ("Ryan Homes"), and for its

Complaint against Charleston Signature Homes, LLC ("Charleston Homes"), avers as follows:

### The Parties

1.      Plaintiff NVR, Inc. d/b/a Ryan Homes ("Ryan Homes") is a Virginia corporation,

with its principal place of business located in Fairfax County, Virginia.

2.      Defendant Charleston Signature Homes ("Charleston Homes") is a limited

liability company formed and existing under the laws of the State of Ohio.

3.      The citizenship of a limited liability company for purposes of federal diversity

jurisdiction is determined based on the citizenship of its members.

4.      Upon information and belief, the members of Charleston Homes are citizens of

Ohio.

**Jurisdiction and Venue**

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §
1332(a) because the parties are citizens of different states and the amount in controversy exceeds
the sum or value of $75,000, exclusive of interest and costs.

6.      This Court has personal jurisdiction over Charleston Homes because it was formed
in this state and transacts business in this state.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) and S.D. Ohio Civ.
R. 82.1(e) because a substantial part of the events or omissions giving rise to the claim occurred in
this judicial district and the property that is the subject of this action is situated in this judicial
district.  Further, Charleston Homes is subject to personal jurisdiction here.

**Factual Allegations**

8.      Charleston Homes was the owner and developer of numerous properties in the
Riverview Bluffs Subdivision in New Richmond, Ohio.

9.      In 2009, Charleston Homes entered into a Lot Purchase Agreement (the "LPA")
with Ryan Homes, under which Charleston Homes agreed to sell numerous lots to Ryan Homes
in various Cincinnati-area subdivisions owned by Charleston Homes.  A true and accurate copy
of the LPA is attached as Ex. A.

10.     Among the subdivisions in which homes were offered for sale by Charleston
Homes was the Riverview Bluffs Subdivision.  Specifically, Charleston Homes originally agreed
to sell twenty lots to Ryan Homes in the Riverview Bluffs Subdivision, which was later
expanded to thirty-four lots.

11.     In 2009, Ryan Homes purchased Lot #31 from Charleston Homes in the
Riverview Bluffs Subdivision (the "Property").  The Property's address is 206 River Valley

Boulevard, New Richmond, Ohio, 45157.  The Property sits at the crest of a slope which descends to a draining swale approximately fifty feet below.

12.     Charleston Homes made certain representations and warranties about the Property in the LPA.  Among other things, Charleston Homes represented and warranted that the Property was "buildable" and "suitable for the construction of [Ryan Homes'] homes on the Lots."  (LPA, at ¶¶3(a), (c).)  Charleston Homes also agreed to accept liability for any unsuitable soils encountered on the Property and to indemnify Ryan Homes for any property damage arising out of or connected with Charleston Homes' work, undertaking, negligent acts, or omissions.  (Id., at ¶¶3(d) & 10(e).)

13.     Shortly after the purchase, Ryan Homes began construction of a model home on the Property.  The model home was completed in 2010, and Ryan Homes sold the Property to Cheryl and Christian Keitel (the "Keitels") in February 2010.  The Keitels then entered into a Deed of Lease with Ryan Homes, through which the Keitels' investment company, C.E.K. Holdings, LLC, leased the Property back to Ryan Homes.  The Property was leased back to Ryan Homes for a period of twelve months, for the purpose of allowing Ryan Homes to use the model home to market other properties within the subdivision.

14.     In September, 2010, Ryan Homes noticed rear-yard slippage on the Property. Following its investigation of the slippage, Ryan Homes hired J.K. Stucco to remedy the problem, which J.K. Stucco did by removing fill from the Property, benching and re-grading the Property.  The support for the model home's rear deck was also re-engineered by Frank Avbel.

15.     The Lease terminated in March, 2011, and the Keitels re-took possession of the Property.  In May, 2011, the Keitels advised Ryan Homes that a hillslide had occurred on the Property and damaged the foundation.

16.     Pursuant to the Keitels' demand, Ryan Homes inspected the foundation and the hillslide.  Based on its investigation, Ryan Homes determined that the Property sold by Charleston Homes was unstable and not buildable with conventional construction methods.  To shore up the foundation, Ryan Homes hired Hydra-ject to install temporary steel straps on the corner of the fractured foundation.

17.     The Clermont County Building Department has also inspected the Property and posted a warning that it is not safe for occupancy.  As a result, the home remains unoccupied.

18.     The Keitels have demanded that Ryan Homes repurchase the Property for $146,500, which represents the price at which the Keitels were contracted to sell the home to another buyer before the landslide and foundation damage was discovered.

19.     On July 12, 2011, counsel for Ryan Homes wrote to Charleston Homes, advising Charleston Homes that it was in breach of the LPA and its representations and warranties as to the suitability of the Property for home construction.  Ryan Homes demanded that Charleston Homes accept responsibility for the breach and repurchase the Property from the Keitels. Charleston Homes has refused to do so.

## FIRST CAUSE OF ACTION
## <u>BREACH OF CONTRACT</u>

20.     Ryan Homes re-alleges Paragraphs 1 through 19 of this Complaint, inclusive, as if fully rewritten herein.

21.     Ryan Homes fulfilled its obligations under the LPA.

22.     Charleston Homes materially breached the LPA by, among other things, selling Ryan Homes a Property that was unstable, contained unsuitable soils, and upon which a home could not be safely constructed using conventional construction methods.

4

23.     Despite Ryan Homes' demand that Charleston Homes remedy its breaches of the LPA, Charleston Homes has refused to do so.

24.     Ryan Homes has been damaged by Charleston Homes' breaches of the LPA in an amount to be determined at trial, but which Ryan Homes reasonably believes exceeds $75,000.

## SECOND CAUSE OF ACTION
## <u>BREACH OF WARRANTY</u>

25.     Ryan Homes re-alleges Paragraphs 1 through 24 of this Complaint, inclusive, as if fully rewritten herein.

26.     Charleston Homes made a number of express representations and warranties under the LPA including, but not limited to, the express warranty that the Property was "buildable" and that the Property and all Improvements made by Charleston Homes were "suitable for the construction of [Ryan Homes'] homes on the Lots."  (LPA, at ¶¶3(a), (c).)

27.     Charleston Homes breached its express warranties to Ryan Homes in that the Property was not buildable or suitable for the construction of Ryan Homes' homes, thereby depriving Ryan Homes of the basis of its bargain.

28.     Within a reasonable time after discovering Charleston Homes' breach of express warranties, Ryan Homes duly notified Charleston Homes of the breach.

29.     Ryan Homes has been damaged by Charleston Homes' breaches of its express warranties in an amount to be determined at trial, but which Ryan Homes reasonably believes exceeds $75,000.

### THIRD CAUSE OF ACTION
### <u>DECLARATORY JUDGMENT FOR INDEMNIFICATION</u>

30.     Ryan Homes re-alleges Paragraphs 1 through 29 of this Complaint, inclusive, as if fully rewritten herein.

31.     Under the LPA, Charleston Homes agreed to indemnify and hold Ryan Homes harmless from "any claim, liability, loss, damage or expense" for loss of or damage to property "arising out of or connected with [Charleston Homes'] work, or undertaking, or negligent acts or omissions of [Charleston Homes] or its employees and agents."  (LPA, at ¶10(e).)

32.     Charleston Homes further agreed to indemnify Ryan Homes against any damages or claims which may be asserted against Ryan Homes "at any time because of, or in connection with, the ownership, condition and/or use of the Property, or of any portion of the Property, at any time prior to the settlement of this transaction."  (LPA, at ¶11(e).)

33.     Ryan Homes demanded that Charleston Homes accept liability and indemnify Ryan Homes against the claims and damages of the Keitels, but Charleston Homes refused to do so.

34.     Ryan Homes requests that this Court declare that Charleston Homes has primary liability for any damages caused by the hillslides and that, if Ryan Homes is found liable to the Keitels or any other third-party, Ryan Homes is entitled to full indemnification from Charleston Homes for any damages assessed against Ryan Homes.

**FOURTH CAUSE OF ACTION**
**NEGLIGENCE**

35.     Ryan Homes re-alleges Paragraphs 1 through 34 of this Complaint, inclusive, as if fully rewritten herein.

36.     As the seller of the Property, Charleston Homes had a legal duty to maintain and develop the property so that it would be stable and suitable for construction of a home.

37.     Charleston negligently developed the Property, thereby rendering it unstable and unsuitable for home construction.  Charleston Homes' negligence in developing the Property was the direct and proximate cause of the hillslides that occurred on the Property in 2009 and 2010.

38.     By failing to adequately develop the Property, or otherwise mitigate the risks of hillslides, Charleston Homes breached its duties to Ryan Homes.

39.     Ryan Homes has been damaged by Charleston Homes' negligence in an amount to be determined at trial, but which Ryan Homes reasonably believes exceeds $75,000.

**FIFTH CAUSE OF ACTION**
**NEGLIGENT MISREPRESENTATION**

40.     Ryan Homes re-alleges Paragraphs 1 through 39 of this Complaint, inclusive, as if fully rewritten herein.

41.     Charleston Homes expressly and implicitly represented to Ryan Homes that the Property was safe, stable, contained suitable soils, and was suitable for the construction of Ryan Homes' homes on the Property.

42.     Charleston Homes made such representations with the intention that Ryan Homes would rely upon those representations in purchasing the Property.

43.     Charleston Homes failed to exercise reasonable care to ensure that its representations as to the stability of the Property and its suitability for home construction were true, and were not false.

44.     Charleston Homes' representations were false.

45.     Ryan Homes relied upon Charleston Homes' false representations to its detriment by purchasing the Property, building a home, and selling the Property to the Keitels.

46.     Ryan Homes has been damaged by Charleston Homes' negligent misrepresentations in an amount to be determined at trial, but which Ryan Homes reasonably believes exceeds $75,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ryan Homes hereby demands judgment in its favor and against Defendant Charleston Homes as follows:

(a)     awarding actual, incidental, and consequential damages against Charleston Homes, in an amount to be determined at trial; and

(b)     declaring that Ryan Homes is entitled to indemnification from Charleston Homes; and

(c)     awarding interest, costs, and attorneys' fees as permitted by the LPA and law; and

(d)     awarding all other relief that this Court may find just and equitable.

Respectfully Submitted,


/s/ Ryan P. Sherman by /s/ David S. Bloomfield, Jr.
Ryan P. Sherman (0075081)
David S. Bloomfield, Jr. (0068158)
Michael A. Wehrkamp (0084942)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
41 South High Street, 29th Floor
Columbus, OH  43215
(614) 227-2000
Facsimile: (614) 227-2100
rsherman@porterwright.com
dbloomfield@porterwright.com
mwehrkamp@porterwright.com

*Attorneys for Plaintiff*
*NVR, Inc. d.b.a. Ryan Homes*